IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

REGINARD JOHNSON                                                                                      PLAINTIFF

vs.                                             Civil No. 6:15-cv-06098

CAROLYN W. COLVIN                                                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Reginard Johnson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his SSI application on September 20, 2012. (Tr. 12). In this application, Plaintiff alleges being disabled due to shoulder and ankle problems. (Tr. 168). Plaintiff alleges an onset date of April 15, 2012. (Tr. 12). This application was denied initially and again upon reconsideration. (Tr. 60-71).

Thereafter, Plaintiff requested an administrative hearing on his denied application, and this

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

hearing request was granted. (Tr. 27-59). This hearing was held on June 9, 2014 in Hot Springs, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by counsel, Shannon Carroll. *Id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *Id.* During this hearing, Plaintiff testified he was fifty-three (53) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d). (Tr. 32). As for his education level, Plaintiff testified he had received his high diploma. *Id.*

On August 26, 2014, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application for SSI. (Tr. 9-23). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 20, 2012, his application date. (Tr. 14, Finding 1). The ALJ found Plaintiff had the following severe impairments: left rotator cuff tear/impingement syndrome and lumbar degenerative disk disease. (Tr. 14-16, Finding 2). The ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-17, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 17-21, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except the claimant is limited to standing and/or walking for 6 hours in an 8-hour workday. The claimant is also limited to work where there is no frequent overhead reaching with the left upper extremity.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 21-22, Finding 5). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 9). The VE testified at the administrative hearing regarding that issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following two occupations: (1) laundry worker (medium, unskilled) with 175,000 such jobs in the nation; and (2) hand packager (medium, unskilled) with 450,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from his alleged onset date through the date of the ALJ's decision or through August 26, 2014. (Tr. 23, Finding 10).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 8). On August 18, 2015, the Appeals Council denied this request. (Tr. 1-4). On September 16, 2015, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 17, 2015. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises one argument for reversal: the "ALJ erred in finding Plaintiff did not meet Listing 1.02(B)(2)(a)(c) as a result of Plaintiff's severe shoulder injury."  ECF No. 11 at 1-13.  With this argument, Plaintiff argues his left shoulder injury causes him to be disabled, and the ALJ should have found he was disabled due to this shoulder injury.  *Id.*

Upon review, Plaintiff is correct that he has been diagnosed with a torn rotator cuff in his left shoulder.  (Tr. 276).  Notably, on April 28, 2014, Plaintiff's MRI revealed this impairment.  *Id.* Then, one day later, on April 29, 2014, Plaintiff's doctor advised him to have surgery on his left shoulder.  (Tr. 279).  As Plaintiff's doctor noted, he advised Plaintiff of his need for left shoulder surgery and warned him that his left shoulder "will not heal without surgery and will most likely progress."  *Id.*  Despite this warning, Plaintiff declined left shoulder surgery and instead opted for conservative treatment: "He would like to try conservative treatment.  He has elected to proceed with an injection."  *Id.*

In his appeal brief, Plaintiff claims he declined surgery on his left shoulder problem due to his "lack of funds."  ECF No.  11 at 8.  Plaintiff, however, has not demonstrated he (in any way) could not afford the surgery necessary to repair his left shoulder.  *Id.*  As a general rule, Plaintiff is *not disabled* because he voluntarily decided not to seek the treatment that would repair the problem

causing him to be disabled. *See, e.g., Beard v. Astrue,* 479 F. App'x 24, 26 (8th Cir. 2012). Furthermore, while a claimant's lack of funds might excuse his or her failure to seek treatment, that lack of funds must be demonstrated and there must be some evidence the claimant attempted to obtain the necessary treatment *but was denied* due to a lack of funds. *See Osborne v. Barnhart,* 316 F.3d 809, 812 (8th Cir. 2013) (stating "[a]s set forth above, although Ms. Osborne's mother cited 'lack of insurance' as a reason for not pursuing mental health treatment for her daughter, there is no evidence either Ms. Osborne or her mother attempted to obtain treatment, and were denied such treatment because of insufficient funds or insurance"). In the present action, Plaintiff simply has not provided this evidence.[2]

In his appeal brief, Plaintiff also references his *right* shoulder impairment and his back pain. ECF No. 11 at 4-13. Plaintiff includes these impairments as a part of his claim that his impairment "meet listing 1.02(B)(2)(a)(c) as a result of . . . [his] . . . severe shoulder injury." *Id.* Presumably, Plaintiff claims his right shoulder impairment–combined with his back impairment–causes him to meet the requirements of Listing 1.02. *Id.*

In considering this issue, the Court first notes that Plaintiff has "the burden of proof . . . to establish that his or her impairment meets or equals a listing." *Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004). Under the facts in the present action, the Court finds Plaintiff simply has not met that burden.

Notably, Listing 1.02 requires a demonstration of the following (emphasis added):

---

[2] It appears Plaintiff alternatively argued he is "in line for surgery" to have his left shoulder repaired. ECF No. 11 at 6. Apart from his bare claim, on this matter, however, Plaintiff has supplied *no evidence* demonstrating he is "in line" for surgery or intends to have surgery.

>**1.02 Major dysfunction of a joint(s) (due to any cause):** Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s).  With: Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), *resulting in inability to perform fine and gross movements effectively*, as defined in 1.00B2c.

In the present action, even assuming Plaintiff could demonstrate he has a "gross anatomical deformity" in his back and right shoulder, Plaintiff simply has not demonstrated any such deformity causes him to have an *inability* to perform fine or gross movements.  Indeed, the record demonstrates Plaintiff is certainly not unable to perform such movements.  He reported being able to perform a number of daily activities, including "some cleaning around the house," "drive a car and go out alone," and "go shopping for food."  Plaintiff is also reportedly a "Hot Walker" which involves "walking horses after a race for about 2 hours a day, seven days a week." (Tr. 21).  Thus, the Court finds Plaintiff has not met his burden of demonstrating his impairments meet or equals the requirements of Listing 1.02, and the Court finds no basis for reversal on this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of May 2016.**

>/s/   Barry A. Bryant
>HON. BARRY A. BRYANT
>U.S. MAGISTRATE JUDGE